UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| Christine Knight, | ) |
|       Plaintiff, | ) |
| vs. | ) Case No.: 2:21-CV-4992 |
| Portfolio Recovery Associates, LLC, | ) |
|       Defendant. | ) |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees, and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation." Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 (3d Cir. 2011).

4. Violation of a single provision of the FDCPA is sufficient to establish liability. Blandina v. Midland Funding, LLC, No. CIV.A. 13-1179, 2014 WL 6892083, at *1 (E.D. Pa. Dec. 4, 2014).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue lies properly in this Judicial District pursuant to 28 U.S.C. § 1391(b).

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

1

9. The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, Christine Knight, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Portfolio Recovery Associates, LLC, a debt collection agency and/or debt purchaser operating from an address at 120 Corporate Blvd., Suite 100, Norfolk, VA 23502.

14. The Defendant is a debt collection agency, and the Defendant is conducting business in the State of Pennsylvania. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed, or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiff incurred a debt that was primarily for personal, family, or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default, the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requests that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. The Plaintiff retained Dunne Law Offices, P.C., for legal representation regarding the Plaintiff's debts.

26. Prior to January 7, 2021, the Defendant had reported to TransUnion credit reporting agency that the Plaintiff owed a debt to its client.

27. The reporting of a debt to a credit reporting agency by a debt collector is a communication to which the FDCPA applies. Kaymark v. Bank of Am., N.A., 783 F.3d 168, 178 (3d Cir. 2015)(The statute defines a "communication" under the FDCPA as the conveying of information regarding a debt directly or indirectly to any person through any medium).

28. On January 7, 2021, the Plaintiff's legal counsel sent a letter to the Defendant. This letter indicated that the Plaintiff disputes the debt that the Defendant is attempting to collect. *See Exhibit "2" attached hereto*.

29. On January 11, 2021, the Plaintiff's legal counsel sent a letter to the Defendant. This letter indicated that the Plaintiff disputes the debt that the Defendant is attempting to collect. *See Exhibit "2" attached hereto*.

30. Upon information and belief, Defendant received the aforementioned letters. A letter properly deposited in a postal mailbox or with the postman is presumed to have been delivered to the addressee. Guerra v. Consol. Rail Corp., 936 F.3d 124, 136 (3d Cir. 2019)(holding if a letter properly directed is proved to have been either put into the post-office or delivered to the postman, it is presumed ... that it reached its destination at the regular time, and was received by the person to whom it was addressed.").

31. These letters indicated that Plaintiff disputed the debt that Defendant is attempting to collect. "Section 1692e(8) does not require an individual's dispute be valid or even reasonable. Instead, the plaintiff must simply make clear that he or she disputes the debt." Evans v. Portfolio Recovery Assocs., 889 F.3d 337, 347 (7th Cir. 2018); *see also* DeKoven v. Plaza Associates, 599 F.3d 578, 582 (7th Cir. 2010)("A consumer can dispute a debt for 'no reason at all,' . . .").

32. On March 9, 2021, the Plaintiff obtained and reviewed a copy of her TransUnion credit report. *See Exhibit "3" attached hereto*.

33. On March 9, 2021, the Defendant was continuing to report the Plaintiff's debt to it without indicating that the debt was disputed. *See Exhibit "3" attached hereto*.

34. The TransUnion credit report dated March 9, 2021, indicates that it was last reported or verified February of 2021. *See Exhibit "3" attached hereto*.

35. The TransUnion credit report dated March 9, 2021, fails to indicate that the debt was disputed by the consumer. *See Exhibit "3" attached hereto*.

36. By failing to communicate that the debt at issue was disputed, Defendant violated the FDCPA. Evans v. Portfolio Recovery Assocs., 889 F.3d 337, 346 (7th Cir.

2018)(Despite receiving the Letters, PRA still reported plaintiffs' debts to credit reporting agencies without noting that the debt amounts were disputed. This is a clear violation of the statute"); Riccio v. Sentry Credit, Inc., 954 F.3d 582 (3d Cir. 2020)(en banc)("Collectors are prohibited from reporting disputed debts to credit agencies without noting the fact of a dispute."

37. The Defendant's failure to update her credit report with a disputation violated the FDCPA's prohibition on unfair and deceptive debt-collection practices. Cartmell v. Credit Control, LLC. No. 19-1626, 2020 WL 113829, at *10, 2020 U.S. Dist. LEXIS 4136, at *27-28 (E.D. Pa. Jan. 10, 2020)(debt collector's omission that payment of a time-barred debt would revive the statute of limitations is a de facto concrete injury - the right to truthful or non-misleading information in the debt-collection process is an interest traditionally recognized by law).

38. The Defendant's deception by omission or misrepresentation in connection with reporting accurate information about the debt to credit reporting agencies is at its core the deprivation of the right to truthful information. Friend v. Financial Recoveries, No. 17-0409, 2017 WL 3701776, at *7 (M.D. Pa. Aug. 28, 2017) (The Court notes that Section1692e(8) prohibits the omission of information. In particular, section 1692e(8) states that a "debt collector's" "failure to communicate that a debt is disputed" can serve as a basis for relief under the FDCPA).

39. The Defendant's violation of the FDCPA is material because Defendant's failure to update her credit report would make an unsophisticated debtor believe that she did not have the rights Congress had granted to her under the FDCPA. Evans v. Portfolio Recovery Assocs., 889 F.3d 337, 349 (7th Cir. 2018); Gibbons v. Weltman, Weinberg & Reis Co., No. 17-1851, 2020 WL 5039316, *5 (E.D. Pa. Aug. 26, 2020)(Plaintiff's alleged harm is sufficiently concrete. Although she alleges an intangible harm, that harm has a "close relationship" to harms that have "traditionally been regarded as providing a basis for a lawsuit in English and American courts" and has been "elevated" by Congress into a "legally cognizable injury.") This alleged violation of the FDCPA is sufficient to show an injury-in-fact. *See also* Sayles v. Advanced Recovery Systems, Inc., 865 F.3d 246, 250 (5th Cir. 2017)(debt collector's violation exposed consumer to "a real risk of financial harm caused by an inaccurate credit rating").

40. The Defendant's violation of the FDCPA is a material violation of the statute. Indeed, as the Seventh Circuit Court of Appeals stated, "[p]ut simply, the failure to inform a credit reporting agency that the debtor disputed his or her debt will *always* have influence on the debtor, as this information will be used to determine the debtor's credit score." Evans, *supra*, at 349.

41. As a result of Defendant's failure to note the debt at issue in this matter as disputed, when it continued to report the debt as undisputed, Plaintiff was forced to take action to her detriment. Plaintiff had to go through the time and expense of having her attorney send Defendant yet another letter reminding Defendant that she had disputed the debt that it was reporting. *A copy of this letter is attached hereto as Exhibit "4".*

4

42. As a result of Defendant's failure to note the debt at issue in this matter as disputed, Plaintiff printed the credit report and reviewed the credit report. Further, on September 28, 2021, Plaintiff took time to discuss the aforementioned error with her attorney. *See Exhibit "3" attached hereto.*

43. The Defendant's collection communications are to be interpreted under the "least sophisticated debtor standard." Jensen v. Pressler & Pressler, 791 F.3d 413, 418 (3d. Cir. 2015).

**First Claim for Relief:**
**Violation of the FDCPA**

1. The allegations of Paragraphs 1 through 43 of the complaint are realleged and incorporated herewith by references.

2. The Defendant violated 15 U.S.C. § 1692e(8) by continuing to attempt to report a debt to a credit reporting agency when it knew the debt was disputed by the consumer. *See* 15 U.S.C. 1692e(8) ("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); Evans v. Portfolio Recovery Assocs., 889 F.3d 337, 346 (7th Cir. 2018); Riccio v. Sentry Credit, Inc., 954 F.3d 582 (3d Cir. 2020)(en banc)("Collectors are prohibited from reporting disputed debts to credit agencies without noting the fact of a dispute."); *see also*, Brady v. Credit Recovery Co., Inc., 160 F.3d 64, 67 (1st Cir. 1998)(Section 1692(e)(8) requires debt collector who knows, or should know, that a given debt is disputed to disclose its disputed status. This standard requires no notification by the consumer, written or oral, and instead, depends solely on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is acquired); Sayles v. Advanced Recovery Systems, Inc., 865 F.3d 246 (5th Cir. 2017); Hoffman vs. Partners in Collections, Inc., 1993 U.S. Dist. LEXIS 12702 (N.D. Ill. 1993); Irvine v. I.C. Sys., Inc., 176 F. Supp. 3d 1054, 1064 (D. Colo. 2016)(finding summary judgment for plaintiff on her § 1692e(8) claim appropriate where she alleged that defendant communicated the debt on plaintiff's account to CRAs, "but failed to communicate the material piece of information that the balance was disputed"); Dixon v. RJM Acquisitions, L.L.C., 640 Fed. Appx. 793 (10th Cir. 2016)(Reversed summary judgment to the collection agency on the consumer's § 1692e(8) claim after she had disputed a debt, the agency had nevertheless reported the debt without disclosing the dispute); Butler v. Experian Info. Sols., No. 14-07346 2016 WL 4699702 (E.D. Pa. Sept. 7, 2016)(granting default judgment because "report[ing] inaccurate information ... to credit reporting agencies" was sufficient to "state a cause of action" under Section 1692e(2)(A); 1692e(8)); O'Fay v. Sessoms & Rogers, P.A., No. 5:08-CV-615-D, 2010 WL 9478988, at *8 (E.D.N.C. Feb. 9, 2010)(granting plaintiff's motion for partial summary judgment on her § 1692e(8) claim, finding that "when [the debt collector] communicated with the [CRAs] about the disputed debt, it was required to convey that plaintiff disputed her debt to the [CRAs]," but that its "failure to do so violated § 1692e(8), and the debt collector has not offered any evidence to rebut plaintiff's claim); Flores v. Portfolio Recovery Associates, LLC, 2017 WL

5

5891032 (N.D. Ill. 2017); Finnegan vs. Univ. of Rochester Med. Ctr, 21 F.Supp.2d 223 (W.D.N.Y. 1998); Francisco v. Midland Funding, LLC, No. 17 C 6872, 2019 WL 498936 (N.D. Ill. Feb. 8, 2019); Register v. Reiner, Reiner, & Bendett, PC, 488 F.Supp.2d 143 (D. Conn. 2007); Bielawski v. Midland Funding LLC, 2019 WL 4278042 (N.D. Ill. Sept. 10, 2019); 1st Nationwide Collection Agency, Inc. v. Werner, 654 S.E.2d 428 (Ga. Ct. App. 2007); Randall vs. Midland Funding, LLC, No. 8:09-cv-73, 2009 WL 2358350 (D. Neb. July 23, 2009); Kinel v. Sherman Acquisition II, LP, 2007 WL 2049566 (S.D.N.Y. July 13, 2007); Acosta v. Campbell, 2006 WL 146208 (M.D. Fla. 2006); *see also* Daley v. A & S Collection Assocs., Inc., 717 F. Supp. 2d 1150 (D.Or.2010)(summary judgment issued for Plaintiff when the Defendant communicated credit information to credit reporting agency which it knew or should have known to be false); Wesley v. Cavalry Invs., L.L.C., No. 05-3523, 2006 WL 2794065 (E.D. Pa. Sept. 27, 2006)(denying debt collector's motion for summary judgment; question of fact whether four-day delay in updating credit file as disputed violated § 1692e(8)); Smith v. Nat'l Credit Sys., Inc., 807 F. Supp. 2d 836, 842 (D. Ariz. 2011)(holding that bona fide error defense did not excuse debt collector's error in failing to report that debt was in dispute); Hall v. Sw. Credit Sys., LP., No. 17-2631 (BAH) 2019 WL 1932759 (D.D.C. May 1, 2019)(denying debt collector's bona fide error defense that it could not locate the applicable account despite having the consumer's correct last name, last four of her social security number, among other pieces of information).

3. The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by continuing to report the debt to a credit reporting agency when it knew the debt was disputed by the consumer.

4. The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by continuing to report the debt to a credit reporting agency when it knew the debt was disputed by the consumer.

5. The Defendant misrepresented the status of this debt to a credit reporting agency which constitutes a violation of 15 U.S.C. § 1692e.

6. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.


Respectfully submitted,


s/ Stephen M. Dunne
Stephen M. Dunne
Dunne Law Offices, P.C.
Attorney for Plaintiff
1515 Market Street, Suite 1200
Philadelphia, PA 19102
Office: (215)551-7109
Fax: (215)525-9721
Email: stephen@dunnelawoffices.com